UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00246-01<br>CIVIL ACTION NO. 19-0431 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DARYL NELSON (01) | |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 filed by Petitioner Daryl Nelson ("Nelson" or "Petitioner") *pro se*. See Record Document 61. The United States of America ("the Government") opposes the motion. See Record Document 64. No reply was filed. For the reasons set forth below, Nelson's motion is **DENIED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was charged in Count One of a three-count Indictment. See Record Document 57 at ¶ 1. Count One charged that Nelson, being a person convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1). The factual basis submitted at the time of the guilty plea provided that on March 28, 2017, when law enforcement were executing arrest and search warrants for Nelson at his residence, they found him in bed with loaded Ruger, Model P85, 9mm caliber pistol and ammunition. See Record Document 40-2. Law enforcement also found bags of Xanax pills, a bag with crack cocaine, powder cocaine, measuring cups with cocaine residue, digital scales, and a drug ledger when executing the warrants. See Record Document 57 at ¶¶ 19-22. Nelson had

previously been convicted of multiple felonies which are punishable by imprisonment for a term in excess of one year. See Record Document 40-2.

On May 3, 2018, Nelson appeared with retained counsel, Kevin Johnson, and pleaded guilty to Count One before United States Magistrate Judge Hayes. See Record Document 57 at ¶ 5. This Court adopted the Report and Recommendation regarding the Guilty Plea, and Nelson was adjudged guilty of the offense charged in Count One of the Indictment. See Record Document 42.

A presentence investigation report ("PSR") was prepared for sentencing. See Record Document 57. According to the PSR, the base offense level was 20 pursuant to U.S.S.G § 2K2.1. See id. at ¶ 30. The offense level was increased by four levels pursuant to U.S.S.G § 2K2.1(b)(6)(B) because Nelson possessed the pistol "in connection with another felony offense," namely, Possession of a Controlled Dangerous Substance with Intent to Distribute. See id. at ¶ 31. The offense level was decreased by three levels for acceptance of responsibility. See id. at ¶¶ 37, 38.

Nelson's criminal history category was V, as his criminal history score was 11. See id. at ¶ 54. The guideline imprisonment range was, therefore, 70-87 months. See id. at ¶ 86. The statutory maximum term of imprisonment was ten years. See id. at ¶ 85. The applicable term of supervised release was not more than three years, pursuant to 18 U.S.C. § 3583(b)(2) and one to three years pursuant to U.S.S.G. § 5D1.2(a)(2). See Record Document 57 at ¶¶ 88, 89.

Pursuant to these provisions of the PSR, Nelson was sentenced to 78 months imprisonment followed by a supervised release term of three years. See Record

Document 55. No direct appeal was taken. Petitioner then timely filed the instant motion under Section 2255.

## LAW AND ANALYSIS

Nelson contends that he received constitutionally ineffective assistance of counsel in connection with his guilty plea and sentencing. See Record Document 61-1. His petition appears to raise a litany of claims under an umbrella of four main arguments. First, Nelson asserts that his counsel failed to "object to the incorrect guidelines and [failed] to argue being sentenced outside of the guidelines." See id. at 2. Second, Nelson asserts that 18 U.S.C. § 922 is unconstitutional as applied to him and his counsel failed to object to its unconstitutional application. See Record Document 61-1 at 4. Third, Nelson asserts that his counsel failed to object to the unconstitutional application of supervised release. See id. at 6. Finally, Nelson claims that his counsel failed to investigate or prepare for his defense. See id. at 19.

The Government opposes Nelson's argument and asserts that Nelson's attorney's actions did not constitute ineffective assistance of counsel either at the guilty plea stage or the sentencing stage of his proceedings. See Record Document 64. Thus, the Government contends that Nelson is not entitled to relief because he cannot establish ineffective assistance of counsel as to any of his claims. See id.

### I.      Legal Standards

To prevail on an ineffective assistance of counsel claim, a petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the petitioner must show that counsel's actions "fell below an objective

standard of reasonableness." Id. at 688. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. See Strickland 466 U.S. at 694. With specific regard to sentencing, the defendant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. See U.S. v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004). Failure to establish either deficient performance or prejudice defeats the claim. See Strickland 466 U.S. at 697.

## II. Analysis

Petitioner's claims are best analyzed by grouping them into two categories: (1) ineffective assistance of counsel at the guilty plea stage and (2) ineffective assistance of counsel at the sentencing stage. The Court finds that Nelson has failed to establish either prong of the Strickland test, in that he has failed to establish either deficient performance or prejudice for any claim.

### a. Ineffective Assistance of Counsel at the Guilty Plea Stage

The Court construes two of Nelson's claims to assert that he received ineffective assistance of counsel during his guilty plea. First, his argument that 18 U.S.C. § 922 is unconstitutional as applied to him and his counsel failed to object to its unconstitutional application and second, that his counsel failed to investigate or prepare for his defense. Namely, Nelson claims that his attorney failed to advise him of any possible defenses,

rushed him into pleading guilty, and failed to review the sentencing guidelines with him before his guilty plea. See Record Document 61-1 a 19-20.

Nelson's counsel cannot be found ineffective for failing to object to the constitutionality of § 922. Counsel cannot be ineffective for "failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected." U.S. v. Fields, 565 F.3d 290, 294 (5th Cir. 2009) (citing Green v. Johnson, 116 F.3d 1115, 1125 (5th Cir. 1997)). The Fifth Circuit has repeatedly held that "'the constitutionality of § 922(g) is not open to question.'" United States v. Darrington, 351 F.3d 632, 634 (5th Cir. 2003) (quoting United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001)). Since the Fifth Circuit has repeatedly affirmed the constitutionality of § 922, Nelson's attorney cannot be ineffective for failing to object to the constitutionality of the statute. Such an objection has repeatedly been rejected among courts in this jurisdiction. Thus, on this claim, Nelson cannot establish that his counsel's performance was deficient, nor can he establish that he was prejudiced by his counsel's failure to object.

Nelson also argues that his counsel was ineffective by failing to object to his violation of § 922 because the definition of a firearm did not apply to him. See Record Document 61-1 at 5. On numerous occasions, the Fifth Circuit has noted that "[c]ounsel cannot be deficient for failing to press a frivolous point." Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (citing Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990)); see also United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995), Murray v. Maggio, 736 F.2d 279, 283 (5th Cir 1984). The factual basis submitted at the time of the guilty plea provides that Nelson admitted he had a loaded Ruger Model P85, 9mm caliber pistol. This falls squarely within the definition of a firearm in 18 U.S.C. § 921(a)(3). As such, any

objection to Petitioner's violation of § 922 based on the definition of a firearm would have been frivolous. Therefore, Nelson cannot establish his attorney's deficient performance on this claim, nor can he establish that the outcome of he was prejudiced by this failure to assert a frivolous argument.

Nelson claims that his counsel was ineffective at the guilty plea stage by failing to advise him of any possible defenses and rushed him into a guilty plea. See Record Document 61-1 at 19-20. According to Nelson's assertions in his supporting memorandum, he had reservations about accepting the guilty plea and his attorney provided erroneous advice to accept the plea agreement. See id. at 19. In DeVille v. Whitley, the Fifth Circuit iterated that "'even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.'" 21 F.3d 654, 659 (5th Cir. 1994) (quoting United States v. Diaz, 733 .2d 371, 376 (5th Cir. 1984)). Official documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994) (citing Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985)).

The Court finds that Nelson's plea was voluntary. In his Affidavit of Understanding (Record Document 40-1), Nelson attested to the following:

> I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducements (except the plea agreement) whatsoever from anyone associated with the State or United States Government *or my attorney* and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Record Document 40-1 at 2 (emphasis added). In addition, Nelson's signed plea agreement also contained the following statement: "I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related

to this case." Record Document 40 at 5. Nelson's signed statements at the time of the guilty plea show that he was satisfied by his attorney's performance, which the Court finds is inclusive of his attorney's advisement of possible defenses. Nelson's signed plea agreement admits that he pleaded guilty because he was guilty as charged. Additionally, and perhaps most telling, Magistrate Judge Hayes found that Nelson's plea was knowing and voluntary. See Record Document 41; see also Record Document 42 (adopting the Report and Recommendation). Other than a brief conclusory allegation, Nelson does not cite any evidence that he faced improper pressure to plead guilty. This is not enough to overcome the evidentiary weight of the documents Nelson signed at the time of his guilty plea.

Finally, Nelson alleges that his attorney failed to review the sentencing guidelines with him before the guilty plea. See Record Document 61-1 at 19. However, the plea agreement signed by Nelson provides that he "discussed the Sentencing Guidelines and their applicability with his counsel." Record Document 40 at 3. Once again, without more than an unsupported conclusory allegation, Nelson fails to provide any avenue for this Court to find his plea was involuntary. Thus, the Court finds that Nelson's plea was voluntary and that he received effective assistance of counsel at the guilty plea stage.

### b. Ineffective Assistance of Counsel at the Sentencing Stage

Nelson's remaining claims relate to the sentencing stage. Nelson asserts that his attorney was ineffective for failing to review the PSR with him, failing to object to the sentencing guidelines, and failing to object to being sentenced outside the sentencing guidelines. See Record Document 61-1 at 2. Nelson also alleges his counsel was ineffective for failing to object to the unconstitutional application of supervised release.

See id. at 6. Finally, Nelson claims that had his attorney introduced mitigating evidence or evidence of a defense, he would have received a lower sentence. See id. at 19-20. Taking these claims in turn, Nelson cannot establish either deficient performance or prejudice for either of his claims.

As noted above, to show that an attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, Petitioner must demonstrate that his counsel's error led to some increase in the length of his imprisonment. See Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance.").

First, Nelson asserts that his attorney failed to review the PSR with him prior to sentencing. The Court finds this claim meritless. Federal Rule of Criminal Procedure 32(i)(1)(A) provides that before imposing a sentence, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." The Fifth Circuit has rejected a rigid view that this rule requires a judge to specifically ask a defendant whether he has read the PSR. See U.S. v. Victoria, 877 F.2d 338, 340 (5th Cir. 1989). Instead, the Fifth Circuit adopted the more logical rule that the court "may draw reasonable inferences from court documents, the defendant's statements, and counsel's statements when determining whether a defendant has 'had the opportunity to read and discuss' the [PSR] with his counsel." Id. (quoting Fed. R. Crim. P. 32(i)(1)(A)).

The Court documents, coupled with defense counsel's statements at sentencing clearly evidence the reasonable inference that Nelson read and discussed the PSR with his attorney. The PSR was prepared over a month before Nelson's sentencing and no

objections were filed. See Record Document 57 at 22. At the sentencing hearing, the Court asked defense counsel if the guidelines were correctly calculated, to which defense counsel answered affirmatively. See Record Document 63 at 2. Given these factors, the Court reasonably infers that Nelson was given the opportunity to read the PSR and discuss it with his counsel. Accordingly, the Court finds that Nelson did not receive ineffective assistance of counsel based on his claim that his attorney never reviewed the PSR with him. However, even assuming *arguendo* that his counsel did not read and discuss the PSR with him, Nelson still fails to establish that he was prejudiced by this error.

Likewise, Nelson's claim that his attorney was ineffective for failing to object to the guideline calculation is meritless. Nelson contends that the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) did not apply to him because the offense referenced in the PSR had been dismissed. See Record Document 61-1 at 3. This enhancement was applied because Nelson possessed a pistol in connection with another felony offense— Possession of a Controlled Dangerous Substance with Intent to Distribute. See Record Document 57 at ¶ 31. The Comment to U.S.S.G. § 2K2.1(b)(6)(B) provides that this enhancement applies whether "a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14 (C). Thus, the alleged dismissal of a charge does not affect the application of the enhancement. Had Nelson's attorney objected to this, the objection would have been frivolous. As discussed above, an attorney cannot be ineffective for failing to press a frivolous point.

Nelson's claim that his attorney was ineffective for failing to object to his being sentenced outside the guideline range is moot because Nelson was sentenced within the

guideline range. As the PSR indicates, the guideline imprisonment range was 70-87 months. See Record Document 57 at ¶ 86. Nelson received a sentence of 78 months. See Record Document 55. Therefore, Nelson's claim is moot because he received a sentence within the guideline range.

Nelson next asserts that his attorney was ineffective for failing to object to the term of supervised release as unconstitutional and in violation of the Double Jeopardy Clause. See Record Document 61-1 at 8-16. The argument that supervised release terms violate the Double Jeopardy Clause has been expressly rejected by the Fifth Circuit. See United States v. Jackson, 559 F.3d 368, 370-71 (5th Cir. 2009) (finding that supervised release terms are part of the penalty for the original offense and do not implicate the Double Jeopardy Clause); see also United States v. Linares-Tabora, Criminal No. H-04-0150-03, 2007 WL 3118184 at *6 (S.D. Tex. Oct. 22, 2007) (finding that counsel was not ineffective for failing to object to term of supervised release on basis of Double Jeopardy because the claim was without merit). Thus, once again, any objection by Nelson's attorney would have been meritless. Nelson thus cannot establish his attorney was ineffective for failing to raise this objection at sentencing, nor can he establish that he would have received a lesser sentence if this objection had been raised.

Finally, Nelson claims that had his attorney introduced mitigating evidence or evidence of a defense, he would have received a lower sentence. See Record Document 61-1 at 19-20. However, Nelson does not describe any mitigating evidence that should have been presented. Without a record of such evidence, the Court must rely on the Plea Agreement and the PSR as the basis for the sentenced imposed. Considering these documents coupled with Nelson's conclusory allegation, the Court cannot find Nelson's

counsel was deficient for failing to present evidence that presumably did not exist. Therefore, the Court finds that Nelson did not receive ineffective assistance of counsel at sentencing.

## CONCLUSION

For the reasons stated above, Nelson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 94) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Court (emphasis added). Unless a Circuit Judge or a District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of January, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT JUDGE